UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Alicia Barfield aka Berger, individually and on behalf of all others similarly situated;<br><br>       Plaintiff,<br><br><br><br>  -v.-<br>Rockford Mercantile Agency, Inc.<br>and John Does 1-25<br><br>       Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alicia Barfield aka Berger (hereinafter, "Plaintiff"), a Illinois resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC against Defendant Rockford Mercantile Agency, Inc. (hereinafter "Defendant RMA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

  1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

1

collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Illinois consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Illinois, County of Winnebago, residing at 49 Marquette Rd, Machesney Park, IL 61115.

8. Defendant RMA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2502 S. Alpine Road, Rockford, IL 61108.

9. Upon information and belief, Defendants RMA are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:
    a. all individuals with addresses in the State of Illinois;
    b. to whom Defendant RMA, in response to a consumer's request for debt validation;

      c. sent validation documents that did not validate the debt and continued collection efforts;

      d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e, 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e and § 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to December 9, 2020 an obligation was allegedly incurred to a creditor.

22. The alleged obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes, specifically medical services.

23. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. The creditor is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. The creditor contracted with the Defendant RMA to collect the alleged debt.

26. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – December 9, 2020 validation letter*

27. On or about December 9, 2020, Defendant sent the Plaintiff validation documents in response to Plaintiff's request for validation.

28. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing -

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

29. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

30. Plaintiff asserted her "g-notice" rights, and requested validation.

31. In response to the dispute, Defendant sent a response, hereto attached as Exhibit A.

32. The response contained four pages of medical bills without any expnantion as to the true amount of debt or any statement clarifying the identity of the original creditor.

33. The validation documents are unadorned medical bills listing various medical establishments, confusing charges and "write-offs" without any coherent way for the Plaintiff to verify her debt.

34. The verification must provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation.

35. The validation sent to Plaintiff was deceptive and misleading because it lists multiple creditors, incoherent charges and "write-offs," without any explanation leaving the Plaintiff with no ability to verify her debt.

36. Plaintiff could not accurately validate her disputed debt because the validation letter was deceptive and misleading.

37. Defendant falsely and misleadingly attempted to validate Plaintiff's dispute with incorrect information and never properly validated Plaintiff's dispute.

38. Defendant was required to cease collection until the Plaintiff was provided with proper validation of the alleged debt.

39. Defendant failed to honor the validation request and continued collection efforts.

40. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

41. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

42. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

43. Plaintiff was confused and misled to her detriment by the statements in the validation letter, and relied on the contents of the letter to her detriment.

44. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 U.S.C. §1692g(b), If a consumer notifies the debt collector in writing, within the thirty day validation period, a debt collector shall cease collection of the debt until the debt collector obtains verification of the debt.

48. The Defendant violated said section by continuing collection activities after Plaintiff had previously asserted her "g notice" rights, and requested validation sent to the Defendant.

49. Defendant was required to cease collection until the Plaintiff was provided with validation of the alleged debt.

50. Defendant failed to cease collection efforts and continued collections.

51. Defendant failed to provide the Plaintiff with adequate validation prior to continuing to collect the debt.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. Defendant violated §1692e:

   a. By making a false and misleading representation in the collection of a debt violation of §1692e(10).

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alicia Barfield aka Berger, individually and on behalf of all others similarly situated, demands judgment from Defendant RMA, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6.	Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  July 30, 2021					Respectfully Submitted,

*/s/Raphael Deutsch*
Raphael Deutsch Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500
rdeutsch@steinsakslegal.com